**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>VS.<br><br>**MICHAEL DOUGLAS ARNOLD,**<br><br>**Defendant** | NO. 3: 06-CR-9 (CAR)<br><br>VIOLATIONS: DRUG RELATED |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Kim T. Stephens of the Athens Bar; the United States was represented by Assistant U. S. Attorney Tamara Jarrett. Based upon the evidence proffered to the court by counsel for the parties and the contents of the Pretrial Service Report dated March 1, 2006, I conclude that the following facts require the detention of the defendant pending the trial of this case

### PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

　　☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
　　☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated March 1, 2006, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the safety of the community were the defendant to be released from custody at this time. Although the defendant is a life-long resident of the Middle District of Georgia, the offenses charged against him are serious drug offenses for which he faces long-term imprisonment if convicted; his estimated guideline sentencing range is 262 months to 327 months in prison. The weight of evidence appears to be strong with hand-to-hand sales to an undercover agent having been video taped.

**Defendant Arnold has a very significant felony conviction record which includes the following: VIOLATION OF THE GEORGIA CONTROLLED SUBSTANCES ACT, 1992, Superior Court of Athens-Clarke County, Georgia; POSSESSION WITH INTENT TO DISTRIBUTE COCAINE, 1993, Superior Court of Athens-Clarke County, Georgia; and, SALE OF COCAINE, 1999, Superior Court of Athens-Clarke County, Georgia. In addition, he has had at least four instances wherein his parole was revoked and one instance wherein his probation was revoked. The defendant also has two convictions for Failure to Appear, to-wit: Superior Court of Athens-Clarke County, Georgia, 1992, and State Court of Cherokee County, Georgia, 1995.**

**The court also notes that defendant Arnold admits to twice a day usage of marijuana.**

**The defendant has exhibited a propensity to involve himself in illegal drug activity over a period of almost fifteen years. Therefore, the undersigned finds that he poses a serious danger to the community.**

**For the foregoing reasons, pretrial detention is mandated. IT IS SO ORDERED.**

### PART III - DIRECTIONS REGARDING DETENTION

**The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**SO ORDERED, this 6th day of MARCH, 2006.**



**CLAUDE W. HICKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**